United States District Court
District of Massachusetts

|                                                      |   |                          |
|------------------------------------------------------|---|--------------------------|
| GORDON T. DAVIS,                                     | ) |                          |
|     Plaintiff,                   | ) |                          |
|                                                      | ) |                          |
| v.                                                   | ) | CIVIL ACTION             |
|                                                      | ) | 14-40003-TSH             |
|                                                      | ) |                          |
| THE COMMONWEALTH OF MASSACHUSETTS,                   | ) |                          |
| STEVE GROSSMAN, TREASURER AND                        | ) |                          |
| RECEIVER GENERAL, STATE BOARD OF                     | ) |                          |
| RETIREMENT,                                          | ) |                          |
|     Defendants.                  | ) |                          |

### MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS (Docket No. 15)
August 12, 2014

**HILLMAN, D.J.**

### Background

Plaintiff, Gordon T. Davis ("Davis") has filed a Complaint against the Commonwealth of Massachusetts ("Commonwealth") and State Treasurer Steve Grossman ("Grossman")[1] alleging claims for retaliation for having filed discrimination claims on the basis of age, race and disability, in violation of the Civil Rights Act. 42 U.S.C. §1983[2], the Age Discrimination in

---

[1] Grossman is being sued in both his individual and official capacities.
[2] Davis's Complaint is not a model of clarity and it is unclear whether he intends to assert a claim under the Civil Rights Act of 1964, §701, *et seq.,* 42 U.S.C. §2000e *et seq.* ("Title VII") or the Civil Rights Act, 42 U.S.C. §1983. The Defendants presumed that Davis is asserting a claim under Section 1983 and focused their arguments accordingly. Because Davis is proceeding *pro se*, the Court is required to construe his pleadings liberally. *See Prall v. City of Boston*, 985 F.Supp.2d 115, 120 (D.Mass. 2013). Reading Davis's allegations liberally, I find that the Complaint *could* be fairly read to assert Title VII claims against the Defendants rather than claims under Section

Employment Act, 29 U.S.C. §§621 *et seq.* ("ADEA"), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. This Memorandum and Order of Decision addresses the Defendants Commonwealth of Massachusetts and State Treasurer Steve Grossman's Motion to Dismiss (Docket no. 15)("Defs' Mot. To Dismiss"). For the reasons set forth below, that motion is granted.

### Facts[3]

Davis was terminated from his position with Massachusetts Commission Against Discrimination ("MCAD") in April 2010. Subsequently, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and MCAD. Sometime in 2010, Davis made a request to the Massachusetts State Retirement Board for the return of his contributions to the State of Massachusetts pension system in which he is not vested. The request was denied by the Defendants and had not been paid as of the date that Davis filed his Complaint.[4] In October of 2012, Davis was told by an unidentified representative of the Defendants that he could not receive a lump sum distribution if he was appealing his termination because of the possibility that he could be rehired. However, during a mediation between the parties in the fall of 2012, the Commonwealth stated that it had no intention of rehiring Davis, and Davis stated he was not seeking to be reinstated. In the spring of 2013, Davis filed a second charge with the EEOC

---

1983. However, in his opposition to the motion to dismiss, Davis does not cite to any cases or present any legal argument regarding his alleged civil rights claims. Moreover, he does not dispute the Defendants' contention that he has asserted the following three causes of action: violation of his rights under ADA, violation of his rights under the ADEA and violation of his civil rights pursuant to Section 1983. *See Defs' Mot. To Dismiss*, at p. 1. For these reasons, I will assume that Davis intended to assert Section 1983 claims against the Defendants rather than claims for violation of Title VII.

[3] The Court, as its obligation, has presumed the truthfulness of all well pleaded facts, and made all reasonable inferences in favor of Davis. At the same time, the Complaint is rife with legal conclusions which are not presumed true and have been disregarded by the Court. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 10 (1st Cir. 2011).

[4] While the Court does not consider extrinsic evidence when deciding a motion to dismiss, I will note that the Defendants have provided evidence that Davis did receive a check representing the lump sum payment of his retirement contributions on February 14, 2014, and it appears that Davis either cashed or deposited the check. *See Defs' Mot. To Dismiss,* at *Exs. C&D.*

against the Defendants as the result of the denial of the return of his cash contributions. The EEOC issued a right to sue letter.

## Discussion

Davis asserts that the Defendants have retaliated against him for filing claims with the EEOC and MCAD regarding his wrongful termination by the Commonwealth in violation of Section 1983, the ADA and the ADEA. More specifically, he asserts that because he appealed his termination on the grounds that the adverse employment action taken against him violated the aforementioned statutes, the Defendants have wrongfully withheld his lump sum pension distribution. The Defendants assert that Davis's claims against the Commonwealth for monetary damages (including the claims against Grossman in his official capacity) are barred by Eleventh Amendment to the Constitution. Additionally, the Defendants assert that Davis's claims against Grossman in his individual capacity are barred for lack of subject matter jurisdiction (the statutory schemes do not permit actions against individuals), or failure to assert sufficient facts to state a claim.

*Standard of Review*

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556).
Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

### *Whether Plaintiff's Claims Against the Commonwealth and Grossman, in His Official Capacity, Are Barred by the Eleventh Amendment*

The Eleventh Amendment to the Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. Const. Amend. XI*. "The Supreme Court 'has consistently held that an unconsenting State is immune [under the Eleventh Amendment] from suits brought in federal courts by her own citizens as well as by citizens of another State.' " *Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 24 (1st Cir. 2007)(quoting *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347(1974)). When enacting legislation, however, Congress has the authority "to abrogate the States' Eleventh Amendment immunity when it unequivocally intends to do so 'and acts pursuant to a valid grant of constitutional authority.' " *Torres-Alamo*, 502 F.3d at 24 (citation to quoted case omitted). Unless Congress has properly abrogated the Eleventh Amendment State immunity or the State has consented to being sued, a suit against State officials in their official capacity would be similarly barred. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).

*ADA Claim*

Davis argues that his ADA claims survive because in *Tennessee v. Lane*, 541 U.S. 509, 124 S.Ct. 1978 (2004), the Supreme Court held that Congress had expressly abrogated State immunity under the ADA. Davis is partially correct-- in *Tennessee*, the Supreme Court held that Congress constitutionally abrogated the States' Eleventh Amendment immunity for purposes of *Title II* of the ADA. *Id.*, at 534. However, in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955 (2001), the Supreme Court held that the Eleventh Amendment does bar actions under Title I of the ADA for money damages. Initially, therefore, the Court must determine the nature of Davis's ADA claim.

Title I of the ADA prohibits the States and other employers from "discriminat[ing] against a qualified individual with a disability because of th[at] disability ... in regard to ... terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefit of the services, programs or activities of a public entity." 42 U.S.C. §12132. Davis does not allege in his Complaint (nor given the nature of his claims could he) that he was denied access to any programs or services offered by a public entity and therefore, his claim does not fall within Title II of the ADA. Instead, his allegations bring his claim within the ambit of Title I of the ADA and therefore, such claim is barred by the Eleventh Amendment. Furthermore, to the extent that Davis is asserting a claim under Title V of the ADA for retaliation, because that claim would be based on a Title I predicate, the Eleventh Amendment bars it as well. *See Demshski v. Montieth*, 255 F.3d 986, 988-989 (9th Cir. 2001). Therefore, Defendants' motion to dismiss Davis's ADA claims against the Commonwealth and Grossman in his official capacity is granted.

*ADEA Claim*

The ADEA makes it unlawful for an employer to discriminate against an individual regarding his/her compensation, terms conditions or privileges of employment because of such individual's age. In 1974, the ADEA was amended to apply its substantive provisions to the States. *See Kimel v. Forida Bd. of Regents*, 528 U.S. 62, 67, 120 S.Ct. 631 (2000). However, in *Kimel* the Supreme Court held that the ADEA did not validly abrogate the States' sovereign immunity. *Id.*, at 91. Accordingly, Davis's claims against the Commonwealth and Grossman in his official capacity under the ADEA are barred by the Eleventh Amendment and must be dismissed.[5]

*Section 1983 Claim*

A Section 1983 claim against the Commonwealth is barred on Eleventh Amendment immunity grounds. *See Fantini v. Salem State College*, 557 F.3d 22, 33 (1st Cir. 2009)(it is well settled that neither State nor its officials acting in their official capacity are subject to suit under Section 1983). Therefore, Defendants' motion to dismiss Davis's Section 1983 claims against the Commonwealth and Grossman in his official capacity is granted.

<u>*Whether Plaintiff Has Stated Claims Against Grossman in His Individual Capacity*</u>

*ADA and ADEA Claims*

Grossman argues that the claims against him individually must be dismissed because the ADEA and ADA do not permit suits against officials in their individual capacities. In the alternative, Grossman assert that Davis has failed to alleges sufficient facts to state a claim.

---

[5] In his opposition to the motion to dismiss, Davis cites to *Kimel* as authority for the proposition that Congress abrogated the States' sovereign immunity under the ADEA. Davis misreads the Supreme Court's holding in *Kimel*. What the Supreme Court actually found was that Congress's attempt to amend the ADEA to abrogate the States' sovereign immunity *was not* a valid exercise of Congressional power. For that reason, the Court held that "[t]he ADEA's purported abrogation of the States' sovereign immunity [was] accordingly invalid." *Kimel,* 528 U.S. at 91, 120 S.C.t 631.

Davis simply asserts that Grossman's arguments are "disputed." He does not cite to any legal authority or make any legal argument to counter Grossman's position.

There is no individual liability under the ADA, *see Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 51 (1st Cir. 2011), or the ADEA, *see Ventura v. Hanitchak*, 719 F.Supp.2d 132 (D.Mass 2010). Therefore, Defendants' motion to dismiss Davis's ADA and ADEA claims against Grossman is granted.

*Section 1983 Claim*

Supervisory officials may not be held liable under Section 1983 for acts of subordinates on a theory of *respondeat superior*; they may be held liable only on the basis of their own acts or omissions. Liability generally arises in one of two ways, (1) where the official is directly involved in the violation of the plaintiff's rights, or (2) where the "official supervises, trains, or hires a subordinate with deliberate indifference towards the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation." *Camilo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir. 1999).

Simply put, Davis fails to allege that Grossman had any *personal* involvement in the Massachusetts State Retirement Boards' denial of the lump sum pension payment to which he asserts he was entitled, nor has he alleged any facts to support a Section 1983 claim against Grossman in his supervisory capacity. Therefore, he has failed to state a claim that is plausible on its face. Defendants' motion to dismiss Davis's Section 1983 claim against Grossman in his individual capacity is granted.

## **Conclusion**

Defendants Commonwealth of Massachusetts and State Treasurer Steven Grossman's Motion to Dismiss (Docket No. 15), is ***granted***.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE